DOMINIC DANDINO, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Fourth Department, May 6, 1936.

*Paul Folger* [*Harlan F. Calkins* with him on the brief], for the appellant.

*John W. Miles*, for the respondent.

CROSBY, J. This appeal is from a judgment which plaintiff has recovered for personal injuries. The plaintiff was operating a farm through which ran defendant's railroad. Defendant maintained a farm crossing for plaintiff's use. The crossing was surfaced with single planks on each side of the respective rails, and rough broken stones between the planks. The crossing was of sufficient width for the use for which it was intended, and no complaint is made of its condition. Plaintiff's injuries were suffered when his team of horses became frightened, while being driven over this crossing, and ran away, causing him to fall under a farm roller to which the team was hitched. Defendant's track laborers, working in the vicinity of the crossing, had left a hand car or speeder by the side of the railroad tracks on defendant's right-of-way and within or near the boundaries of the farm crossing, and this car, so plaintiff claims, to some extent encroached upon the driveway of the crossing. The extent of the encroachment is in dispute. Indeed defendant's witnesses say there was no encroachment whatsoever.

In his complaint plaintiff alleged that the horses ran away because they became frightened at sight of the speeder. On the trial he testified that the speeder choked his passageway to such an extent that he had to turn so that " the roller hit the rails, then it scared my horses and they started going." Doubtless what plaintiff meant to say was that he was forced to turn aside so much that the roller came into contact with the rails beyond the point where there was stone filling between them, and that the unusual amount of jar and the noise incident thereto was what frightened the horses. The variance between the pleading and proof may be overlooked because of what happened on the trial. Defendant's counsel said: " Now I would like to know what the plaintiff is relying on, whether the motor car scared the horses or because they hit the rail. I have no objection to his moving to amend the complaint to conform to the proof," etc. The court said: " The court will take care of that. If there is any recovery at all, it will have to be on the theory as explained by the plaintiff on the stand." Defendant's counsel said: " That is all I want to know." And the court charged the jury that plaintiff could only recover on the theory supported by his evidence. The effect of all this was to conform the pleading to the proof, and we see no error here.

We may ignore the fact that all the members of the defendant's track crew testified that the speeder was left clear of the farm crossing roadway (their estimates varying from six to eleven feet), for the jury could believe the plaintiff's statement and that of his witness Mamie Petruce, that the speeder was in the center of the roadway.

Accepting, then, the fact that the speeder was in the middle of the roadway, is defendant liable for plaintiff's injury? It is very clear that the question of plaintiff's contributory negligence was one for the jury. It is suggested by appellant that plaintiff should have seen the speeder before he entered upon the railroad tracks. But the proof, including the photographs, indicates very clearly that the embankment of the railroad is several feet above the land on each side, and plaintiff cannot, as a matter of law, be said to have been negligent in not seeing the speeder, on the opposite side of the railroad from him, before he entered upon the tracks. Nor can it be said, as a matter of law, that he should have tried to turn around with a team of horses and a farm roller in the middle of a four-track railroad for the purpose of retreating in the direction from which he came.

But was the defendant guilty of negligence? It owed the duty, not only to construct this crossing, but to maintain it in a reasonably safe condition for the uses for which it was constructed, that is such uses as a farmer would ordinarily make of it. (*Prince* v. *N. Y. C. & H. R. R. R. Co.*, 60 Hun, 581; 14 N. Y. Supp. 817.)

No case cited in the briefs is similar to the instant case on the facts. We have to get back to first principles. Was the accident, not just exactly as it happened, but as it might have happened, reasonably foreseeable by defendant's servants acting with due regard for the plaintiff's rights? They should leave him room for the passage of such farm machinery as is customarily used on farms. It seems to me they did that. The roller was over eight feet in width, but plaintiff made the passage without colliding with the speeder, and was able to negotiate the gateway even with his horses frightened and hard to manage, according to his own testimony. The worst thing defendant's servants did, according to the most favorable testimony on the part of plaintiff, was to crowd him off the road so that the end of the roller rode on the rails at a point where there was no filling in between, with the result that there was a little more noise and jar than usual. That such an occurrence would cause a team of farm horses to become unduly frightened and unmanageable is not a thing defendant was bound to foresee and guard against.

The judgment should be reversed on the law, with costs, and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.